# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHRISTOPHER CHARNEY,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-15-0388-I-1 |
| 　　　　v. | |
| DEPARTMENT OF THE NAVY,<br>　　　　　Agency. | DATE: July 31, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Saku E. Ethir, Riverside, California, for the appellant.

Richard D. Ruppe, Esquire, San Diego, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　The appellant filed this Board appeal alleging that the agency refused to allow him to return to work after he was on leave and, as such, the agency imposed a forced suspension upon him. Initial Appeal File (IAF), Tab 1. He indicated on the appeal form that he had been suspended for more than 14 days. *Id.* The administrative judge issued an acknowledgment order informing the appellant that it was not clear from his appeal exactly which agency actions he was alleging gave rise to a constructive suspension. IAF, Tab 2 at 2. She also informed the appellant of the standard for establishing jurisdiction over a constructive suspension. *Id*. at 2-3. The appellant did not respond to the acknowledgment order. The agency moved to dismiss the appeal because the appellant failed to respond to the administrative judge's acknowledgment order and because he did not make a nonfrivolous allegation of jurisdiction. IAF, Tab 4 at 6-7. The appellant again did not respond.

¶3　　The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID). Specifically, she found that the appellant failed to show that he was absent for more than 14 days,

regardless of whether the absence was involuntary and at the agency's insistence, and that he failed to make sufficient allegations to bring the appeal within the Board's jurisdiction. ID at 3.

¶4      The appellant filed a timely petition for review in which he belatedly responds to the acknowledgment order. Petition for Review File, Tab 1. His representative states that he was unable to file a response below because of his lack of familiarity with the Board's electronic appeal system (e-Appeal). *Id*. at 3-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      We agree with the administrative judge that the appellant failed to establish jurisdiction over his appeal. *See* ID at 3. An appealable constructive suspension claim arises in a variety of situations; however, all constructive suspension claims are premised on the proposition that an absence that appears to be voluntary is actually not voluntary. *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 8 (2015). To demonstrate that the absence was, in part, not voluntary, and is an actionable constructive suspension, an appellant must show that: (1) he lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice. *Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶ 8 (2014). Assuming that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two elements is sufficient to establish Board jurisdiction. *Rosario-Fabregas*, 122 M.S.P.R. 468, ¶ 8. The appellant's assertions in his initial appeal are minimal, IAF, Tab 1, and he did not respond to the administrative judge's acknowledgment order. Based on the bare allegations contained in the initial appeal, we find that the administrative judge properly dismissed the constructive suspension appeal for lack of jurisdiction. *See Romero* 121 M.S.P.R. 606, ¶¶ 8-9.

¶6      Furthermore, the appellant's representative's lack of familiarity with e-Appeal does not provide a basis for disturbing the initial decision. The

appellant's appeal was handled in the Western Regional Office, which does not require mandatory e-filing for attorneys. *Cf.* 5 C.F.R. § 1201.14(p) (requiring mandatory e-filing for attorneys and agencies when filing in the Washington Regional Office and Denver Field Office). Accordingly, the appellant or his representative could have opted out of e-filer registration at any time if either was confused about the system. *See* 5 C.F.R. § 1201.14(e)(4). Additionally, to the extent that the appellant relied solely on his representative to submit evidence and arguments, he is nonetheless responsible for the errors of his chosen representative.[2] *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

¶7    The administrative judge issued the acknowledgment order on March 9, 2015, and allowed the appellant 10 days to furnish a response on jurisdiction. IAF, Tab 2. However, a review of activity on the Board's e-filing system reveals that the appellant's representative did not attempt to log on to the system until April 2, 2015. Subsequent to the representative's April 2, 2015 logon attempt, neither he nor the appellant submitted a response until filing the petition for review on April 23, 2015. We therefore find that the appellant failed to exercise due diligence or ordinary prudence in attempting to respond to the acknowledgment order. *See Alley v. U.S. Postal Service*, 100 M.S.P.R. 283, ¶¶ 2, 8 (2005) (finding that the administrative judge properly dismissed the appeal for lack of jurisdiction where the appellant did not respond to the acknowledgment order or the agency's motion to dismiss).

¶8    Finally, regarding the assertions in the appellant's belated response to the acknowledgment order, the Board will not consider arguments that are raised for the first time on review absent a showing that they are based upon new and

---

[2] An exception to this rule may lie when an appellant establishes that his diligent efforts to prosecute an appeal were thwarted, without his knowledge, by his attorney's deceptions, negligence, or malfeasance; however, there is no such evidence here. *See Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 13, *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010).

material evidence not previously available despite the appellant's due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has made no such showing.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website

at    http://www.mspb.gov/probono for    information    regarding    pro    bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.