NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CATHERINE M. PACILLI,**

*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent.*

---

2010-3135

---

Petition for review of the Merit Systems Protection Board in SF1221090862-W-1.

---

Decided: November 5, 2010

---

CATHERINE M. PACILLI, of Fresno, California, pro se.

DAVID S. BROOKS, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMAN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, BRYSON, and PROST, *Circuit Judges*.

PER CURIAM.


Petitioner Catherine M. Pacilli petitions for review of the final decision of the Merit Systems Protection Board ("Board"), which dismissed her August 2, 2009 appeal. The Board found that as an Individual Right of Action ("IRA") appeal it was untimely filed, and to the extent that it was a petition for review of a 2005 initial decision, it failed to meet the Board's criteria for review. *Pacilli v. Dep't of Veterans Affairs*, 113 M.S.P.R. 526 (2010). We *affirm*.

## BACKGROUND

The relevant facts are not in dispute. In October 2003, Ms. Pacilli filed a whistleblower reprisal complaint with the U.S. Office of Special Counsel ("OSC") against the Department of Veterans Affairs. Resp't's App. 19-25. Thereafter, Ms. Pacilli resigned from her position as a Registered Nurse effective December 19, 2003, and filed an appeal with the Board, alleging her resignation was involuntary and a constructive discharge. In an initial decision, the administrative judge dismissed that appeal because she was not an employee for Board appeal purposes. *Pacilli v. Dep't of Veterans Affairs*, No. SF0752040123-I-1 (M.S.P.B. Jan. 22, 2004) (initial decision). On February 10, 2005, the Board denied her petition for review of that decision. *Pacilli v. Dep't of Veterans Affairs*, 98 M.S.P.R. 190 (2005). Because Ms. Pacilli had filed a complaint raising whistleblower reprisal with OSC in October 2003, the Board forwarded the complaint to the regional office for adjudication as a new IRA appeal. The administrative judge dismissed that complaint without prejudice pending the completion of

the OSC investigation. *Pacilli v. Dep't of Veterans Affairs*, No. SF1221050393-W-1, (M.S.P.B. Feb. 24, 2005) (initial decision).

On June 21, 2005, OSC sent Ms. Pacilli a letter ("June 21, 2005 OSC letter"), which indicated that it had terminated its inquiry into her whistleblower allegations and she could seek corrective action for her allegations with the Board by filing an IRA appeal within sixty-five days after the date of the letter. Resp't's App. 26. Through her attorney, Ms. Pacilli refiled an IRA appeal with the Board on July 8, 2005 ("2005 IRA appeal"), with a copy of the June 21, 2005 OSC letter enclosed. Resp't's App. 27.[1] On October 6, 2005, the administrative judge issued an initial decision ("October 6, 2005 initial decision"), which dismissed her refiled IRA appeal for lack of jurisdiction based on the determination that she did not exhaust any whistleblower reprisal claim because she made nonspecific claims before OSC. *Pacilli v. Dep't of Veterans Affairs*, No. SF1221050393W-2 (M.S.P.B. Oct. 6, 2005) (initial decision). Ms. Pacilli did not petition for review and that initial decision became the final decision of the Board in November 2005.

Nearly four years later, on August 2, 2009, Ms. Pacilli filed the instant appeal ("2009 appeal") seeking the Board's consideration of her whistleblower reprisal allegations raised in 2003. In addition to submitting the

---

[1]    Meanwhile, Ms. Pacilli, through her attorney, also filed a lawsuit against the Department of Veterans Affairs in U.S. District Court for the Eastern District of California on August 25, 2005. It was dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *Pacilli v. U.S. Dep't of Veterans Affairs*, No. 05-1095, 2006 WL 2166574 (E.D. Cal. July 31, 2006).

June 21, 2005 OSC letter, she submitted an OSC letter from June 1, 2005, informing her of OSC's preliminary determination not to pursue her action further, and her response to that letter, dated June 7, 2005. Ms. Pacilli did not submit these latter two documents to the Board in her 2005 IRA appeal. On August 10, 2009, an administrative judge issued an Acknowledgement Order to the parties, explaining that it appeared that Ms. Pacilli's appeal was late and ordered her to show that: (1) the appeal was timely; (2) her employing agency engaged in affirmative misconduct which affected the timeliness of her appeal; or (3) OSC failed to notify her that it had terminated its investigation of her complaint. *Pacilli v. Dep't of Veterans Affairs*, No. SF1221090862-W-1 (M.S.P.B. Aug. 10, 2009) (acknowledgement order). In response, Ms. Pacilli asked for an exception to the time limit based on her former attorney's misrepresentations, misconduct, and disbarment, which purportedly led to her failure to meet the Board deadlines. Resp't's App. 49.

The administrative judge received a copy of the California State Bar report in which Ms. Pacilli's former attorney admitted to mishandling funds of five clients and was thus disbarred. Resp't's App. 50-63. While the report did not identify Ms. Pacilli as one of the five clients, it did identify that there was an ongoing investigation with regard to a person with her last name. Resp't's App. 60. Ms. Pacilli informed the administrative judge that the California State Bar found her former attorney's misconduct affected her case and returned her $5,000 retainer to her, Resp't's App. 68, which was verified in a letter submitted to the Board after the administrative judge issued his initial decision on September 21, 2009. Resp't's App. 70-73. In his initial decision, the administrative judge dismissed Ms. Pacilli's 2009 appeal as an untimely IRA appeal without good cause shown for the four-year delay.

*Pacilli v. Dep't of Veterans Affairs*, No. SF1221090862-W-1 (M.S.P.B. Sept. 1, 2009) (initial decision). Ms. Pacilli timely petitioned for review by the full Board. In denying Ms. Pacilli's petition for review on April 23, 2010, the Board reopened the matter on its own motion, modified the initial decision, and then again dismissed her 2009 IRA appeal as untimely. *Pacilli*, 113 M.S.P.R. at 527.

The Board first considered Ms. Pacilli's 2009 appeal as a new IRA. The Board agreed with the administrative judge that her new IRA appeal was untimely filed by almost four years, but explained that the Board cannot waive the statutory time limit for filing an IRA appeal upon a finding of "good cause." *Id.* at 531. The Board noted that equitable tolling should apply to a statutory deadline in some circumstances, but found that Ms. Pacilli's allegations relating to her former attorney's misconduct did not warrant its application to excuse her four-year delay in filing her appeal. *Id.* The Board then considered Ms. Pacilli's petition as a petition for review of the October 6, 2005 initial decision based on her former attorney's misconduct. The court found that she failed to meet the criteria for review because she neither made an argument establishing error by the administrative judge nor presented new and material evidence affecting the outcome of the decision. *Id.* at 532. Accordingly, the Board did not reach the additional question of the timeliness of Ms. Pacilli's petition for review. *Id.* at 531-32. Ms. Pacilli timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

On appeal, Ms. Pacilli appears to argue that we should apply the doctrine of equitable tolling and afford her the opportunity to have her case heard on the merits

because she exercised due diligence in reopening her case upon learning about her former attorney's misconduct and his failure to pursue all legal avenues in her case. We must determine whether the Board erred in dismissing Ms. Pacilli's instant appeal because she (1) untimely filed a new IRA appeal and (2) failed to meet the criteria for review of the October 6, 2005 initial decision. We may set aside a decision of the Board only when it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3).

We first address the Board's dismissal of Ms. Pacilli's instant appeal because she untimely filed a new IRA appeal. The Whistleblower Protection Act ("WPA") provides that an IRA appeal may be filed with the Board if "no more than 60 days have elapsed since notification was provided to [the] employee, former employee, or applicant for employment that [OSC's] investigation was terminated." 5 U.S.C. § 1214(a)(3)(A)(ii). Similarly, the Board's regulations provide that an IRA appeal must be filed no later than sixty-five days after the issuance of OSC's written notification that the investigation was terminated or, if the appellant shows that OSC's notification was received more than five days after the date of issuance, within sixty days after the date the appellant received the notification. 5 C.F.R. § 1209.5(a)(1). The OSC letter informing Ms. Pacilli that it terminated its investigation triggered the time limit for filing her IRA appeal. Ms. Pacilli does not dispute that she received the June 21, 2005 OSC letter and submitted that letter to the Board when she filed her 2005 IRA appeal. Indeed, Ms. Pacilli's 2009 IRA appeal nearly four years later was

untimely because it was well beyond her deadline to file within sixty-five days of receipt of OSC's notice.

In this case, the Board properly modified the administrative judge's initial decision because the time limit for filing an IRA appeal cannot be waived for good cause. *See MacDonald v. Dep't of Justice*, 105 M.S.P.R. 83, 88 (2007); *Wood v. Dep't of the Air Force*, 54 M.S.P.R. 587, 592 (1992). Thus, we must inquire whether the Board erred in finding that equitable tolling did not excuse Ms. Pacilli's untimeliness. The Board recognized that there are some circumstances that warrant the application of equitable tolling to a statutory deadline, such as where a complainant has been induced or tricked by her adversary's misconduct into allowing the filing deadline to pass. *Pacilli*, 113 M.S.P.R. at 531. The Board, however, determined that Ms. Pacilli failed to allege facts that would justify the application of the doctrine here. This finding is supported by substantial evidence.

As a preliminary matter, we note that Ms. Pacilli's request that we waive the filing deadline because OSC led her to believe that it would find in her favor is unpersuasive because that purportedly occurred before the issuance of the June 21, 2005 OSC letter and thus did not impact her ability to appeal. In addition, Ms. Pacilli urges us to apply *Edwards v. Department of Veterans Affairs*, 111 M.S.P.R. 297, 300 (2009), and find that her former attorney's misconduct—like a "misunderstanding" between Ms. Edwards and her attorney—should excuse Ms. Pacilli's untimeliness in filing this appeal. Further, Ms. Pacilli argues that based on her former attorney's misconduct, she was unable to pursue all legal avenues as she was unaware of the Board's appeal process.

In *Edwards*, the Board found that there was a "miscommunication between the appellant and her attorney such that the appellant's diligent efforts to prosecute her appeal were thwarted by what appears to be her attorney's negligence. Furthermore, it is clear that the appellant and her attorney were not acting as one." *Id.* In contrast to *Edwards*, the Board here found Ms. Pacilli did not make "any specific claim that her former attorney thwarted her diligent efforts to prosecute a timely Board appeal." *Pacilli*, 113 M.S.P.R. at 531. Indeed, in this case, Ms. Pacilli, acting through her attorney, did file a timely IRA appeal in 2005. In addition, Ms. Pacilli's letter to OSC on June 7, 2005, which she submitted to the Board in her 2009 IRA appeal, demonstrates that she took an active role in disputing OSC's preliminary determination. She wrote, "I can assure you that I am seeking other avenues to pursue this case, including appealing to the Merit Board." Resp't's App. 45. Ms. Pacilli fails to show that her attorney prevented her from pursuing her appeal. Therefore, substantial evidence supports the Board's determination that equitable tolling is not warranted in this case to excuse Ms. Pacilli's approximate four-year delay in filing this IRA appeal.

Next we turn to the Board's determination that Ms. Pacilli's petition for review of the October 6, 2005 initial decision fails to meet the Board's criteria for review. The Board considered Ms. Pacilli's arguments that she was misled by her former attorney, and the evidence demonstrating that her former attorney was disbarred in 2008 for mishandling clients' funds, purportedly had problems with alcohol and depression, and was under criminal investigation. The Board, however, determined that Ms. Pacilli did not show a link between her former attorney's misconduct and the outcome of the October 6, 2005 initial decision. In that connection, the Board found that Ms.

Pacilli failed to establish that "her diligent efforts to prosecute an appeal were thwarted without her knowledge, by her attorney's deceptions, negligence, or malfeasance." *Pacilli*, 113 M.S.P.R. at 532. The Board also found that Ms. Pacilli failed to allege any errors in that decision. *Id.* As a result, the Board determined that Ms. Pacilli's petition for review failed to meet the Board's criteria for review, and it did not need to reach the issue of timeliness. *Id.* at 531-32.

Despite the Board's leniency in appellants' petitions for review, the Board still requires petitions for review to state objections to the initial decision that are supported by reference to applicable laws or regulations. 5 C.F.R. § 1201.115(a). Ms. Pacilli does not dispute that she failed to meet the criteria for review. Although she complains that her former attorney engaged in misconduct in her case, Ms. Pacilli does not demonstrate that her former attorney deceived her about her 2005 IRA appeal. Neither does Ms. Pacilli specifically allege an error in the October 5, 2005 initial decision. Because Ms. Pacilli fails to explain how the alleged attorney misconduct provides a legitimate basis for her petition for review or what error the administrative judge made, we conclude that the Board did not err in finding that Ms. Pacilli's petition for review failed to meet the Board's criteria for review. 5 C.F.R. § 1201.115(d). Accordingly, we affirm.[2]

Cost

Each party shall bear its own costs.

**AFFIRMED**

---

[2] Because we affirm the Board's dismissal of her appeal, we do not reach Ms. Pacilli's arguments directed toward the merits of her whistleblower reprisal claim.