# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VANESSA LECH,<br>        Appellant, | DOCKET NUMBER<br>DE-1221-17-0038-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE: May 17, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Vanessa Lech</u>, Raeford, North Carolina, pro se.

<u>Scott MacMillan</u>, Phoenix, Arizona, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113.

## BACKGROUND

¶2    The appellant was employed as a Social Worker with the agency.  Initial Appeal File (IAF), Tab 14, Initial Decision (ID) at 2.  She alleged below that, beginning in November 2014, she reported supervisory misconduct and safety concerns to various agency personnel and others.  IAF, Tab 6 at 11, Tab 11 at 4-5.  She also alleged that she engaged in protected activities, such as filing an equal employment opportunity (EEO) complaint and a grievance.  IAF, Tab 6 at 11, Tab 11 at 4-6.  In April 2015, she filed complaint with the Office of Special Counsel (OSC), alleging that the agency retaliated against her for these disclosures and activities.  IAF, Tab 6 at 11-15, Tab 9 at 3, Tab 11 at 5-7.

¶3    By letter dated August 31, 2015, OSC closed its investigation into the appellant's complaint and advised her that she may have the right to seek corrective action with the Board.  IAF, Tab 1 at 4.  The letter stated that the appellant could file a request for corrective action with the Board within 65 days after the date of the letter.  *Id.*

¶4  On October 23, 2016, the appellant filed this IRA appeal with the Board. IAF, Tab 1. Without holding the appellant's requested hearing, the administrative judge dismissed the appeal as untimely filed. *Id.* at 2; ID at 2, 8.

¶5  The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6  If OSC notifies an employee that its investigation into her allegations has been terminated, the employee may seek corrective action from the Board through an IRA appeal "no more than 60 days have elapsed since notification was provided to such employee." 5 U.S.C. § 1214(a)(3)(A)(ii). The Board's implementing regulations provide that an appellant must file an IRA appeal within 65 days of the date that OSC issues the close-out letter or, if the letter is received more than 5 days after its issuance, within 60 days of receipt. 5 C.F.R. § 1209.5(a)(1).

¶7  The appellant alleged that OSC's "notification was not sent directly to [her] from OSC during the 65 day timeline." IAF, Tab 13 at 4. She asserted that OSC sent the close-out letter to her former lawyer, and that he "did **not** provide [her] with any explanation of what the OSC letter meant." *Id.* (emphasis in original). She stated that she "eventually fired this lawyer" for failing to communicate with her. *Id.* However, as the administrative judge noted, the appellant failed to state when she personally received the OSC termination letter. *Id.*; PFR File, Tab 1 at 13; ID at 5.

¶8  In *Goode v. Department of the Navy*, 93 M.S.P.R. 122, ¶¶ 3, 5 (2002), the Board considered the case of an appellant who similarly asserted that OSC's termination letter was sent to his attorney rather than himself. However, because the appellant failed to state when he received the letter, the Board found that the appellant's IRA appeal was due within 65 days after OSC issued its termination letter. *Id.*, ¶ 5.

¶9        Because the appellant here has failed to state when she personally received the OSC termination letter, we find that she was required to file her IRA appeal by November 4, 2015.[2]  *See id.*; *see also Pacilli v. Department of Veterans Affairs*, [113 M.S.P.R. 526](), ¶ 9 (finding that, because the appellant failed to allege that she did not receive OSC's termination letter within 5 days of its issuance, she was required to file her IRA appeal within 65 days of its issuance), *aff'd per curiam*, 404 F. App'x 466 (Fed. Cir. 2010); ID at 5; PFR File, Tab 1 at 13.  Thus, she filed her Board appeal almost 1 year late.

¶10       Unlike some other filing deadlines with the Board, the deadline for filing an IRA appeal may not be waived for good cause shown because there is no statutory mechanism for doing so.  *Heimberger v. Department of Commerce*, [121 M.S.P.R. 10](), ¶ 9 (2014).  However, the filing deadline might be subject to equitable tolling, under which the filing period is suspended for equitable reasons, such as when the complainant has been induced or tricked by her adversary's misconduct into allowing the deadline to pass.  *Id.*, ¶ 10.  Equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the litigant has been pursuing her rights diligently and some extraordinary circumstances stood in her way.  *Id.*

¶11       We agree with the administrative judge's finding that the appellant's claims below that her attorney's alleged poor representation, and OSC's alleged refusal to provide her with guidance, did not warrant tolling the filing deadline.  ID at 5-8.  On review, she provides additional allegations and documentation to support her claim of poor representation.  According to the appellant, her attorney did not "check his mailbox" for 7 days after the agency mailed him notification of the appellant's right to request a hearing before the Equal Employment

[2] Applying a 5-day mailing time presumption, the administrative judge found that the appellant was required to file her IRA appeal by November 9, 2015.  ID at 5.  However, the Board's regulation already applies a 5-day mailing time presumption to the 60-day statutory deadline for filing an IRA appeal following the issuance of an OSC termination letter.  [5 C.F.R. § 1209.5](a)(1); *see* [5 U.S.C. § 1214](a)(3)(A)(ii).

Opportunity Commission on her EEO complaint. PFR File, Tab 1 at 4-5, 15-16. Even if we were to consider this new argument and evidence on review, it evidences, at most, "garden variety . . . excusable neglect" that is insufficient to toll the deadline. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) (denying the equitable tolling of a deadline when the petitioner filed an untimely district court complaint because of his attorney's absence from his office when notice was received); *Pacilli*, 113 M.S.P.R. 526, ¶¶ 10-11 (denying equitable tolling despite the appellant's claim that her former attorney had problems with alcohol and depression, was disbarred, and was under criminal investigation, because the appellant did not make any claim that her former attorney thwarted her efforts to file a timely IRA appeal); *see also Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (explaining that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶12     The appellant also clarifies that she is alleging that an OSC attorney would not discuss her complaint following the close-out letter, not before, as the administrative judge stated in the initial decision. ID at 7; PFR File, Tab 1 at 4, 13. She further states, apparently in response the administrative judge's finding that she could have attempted to obtain information regarding her rights on the Board's website, that she "look[ed] at the [Board's] website at one point and [] was overwhelmed and had zero idea what [the Board] was or what [she] was supposed to do." ID at 7-8; PFR File, Tab 1 at 13; IAF, Tab 5 at 3. However, the appellant has not explained how OSC or the Board's website discouraged or hindered her from filing an appeal. *Pacilli*, 113 M.S.P.R. 526, ¶¶ 10-11 (declining to apply equitable tolling when an appellant alleged that OSC represented that it would "rule" in her favor and instructed her not to file a Board appeal).

¶13      The appellant also alleges on review that she suffered from a work-related medical condition, which hindered her ability to represent herself "110%," and that she is financially disadvantaged as compared to the agency.  PFR File, Tab 1 at 13-17.  In support of these claims, she attaches documents that predate the initial decision.  *Id.* at 9-12.  The appellant does not explain why she did not present these arguments or documents below, and we decline to consider them on review.  *See Banks*, 4 M.S.P.R. at 271.  Accordingly, we dismiss this IRA appeal as untimely filed.[3]

¶14      Finally, the appellant has requested that her "name and all identifying information about" her "be excluded from any public file(s) regarding this matter."  PFR File, Tab 1 at 18.  A litigant seeking anonymity before the Board must present evidence establishing that harm is likely, not merely possible, if her name is disclosed.  *Ortiz v. Department of Justice*, 103 M.S.P.R. 621, ¶ 10 (2006).  Here, the appellant has failed to indicate why she is requesting to proceed anonymously, much less present evidence establishing that harm would result otherwise.  Accordingly, her request is denied.

---

[3] When jurisdiction may be lacking but the record is sufficiently developed on the timeliness issue, an administrative judge may, in an appropriate case, assume arguendo that an appeal presents a matter within the Board's jurisdiction and dispose of it on timeliness grounds.  *Hudson v. Office of Personnel Management*, 114 M.S.P.R. 669, ¶ 7 (2010).  We agree with the administrative judge that this is such a case.  ID at 1-2 n.1; IAF, Tab 6 at 11, 13, 17-21; *see Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016) (setting forth the appellant's jurisdictional burden in an IRA appeal, including the exhaustion requirement).  Thus, we have not considered the appellant's evidence and argument on review regarding whether she exhausted with OSC her claim that the agency's retaliatory harassment forced her to resign.  PFR File, Tab 1 at 7-8, 14.

**NOTICE OF APPEAL RIGHTS[4]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for
                                                  _____
                                                  Jennifer Everling
                                                  Acting Clerk of the Board
Washington, D.C.