**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LENA JEFFERSON-WILSON,
                    Appellant,

              v.

DEPARTMENT OF VETERANS
     AFFAIRS,
                    Agency.

DOCKET NUMBER
DE-1221-18-0079-W-1

DATE: March 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Matthew Brinegar</u>, Esquire, Oakland, California, for the appellant.

<u>Scott MacMillan</u>, Esquire, Phoenix, Arizona, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Under 5 U.S.C. § 1214(a)(3)(A), an appellant may file an IRA appeal with the Board once the Office of Special Counsel (OSC) closes its investigation into her complaint and no more than 60 days have elapsed since notification of the closure was provided to her. *See Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 6 (2014). Under the Board's regulations implementing that statutory time limit, an IRA appeal must be filed no later than 65 days after the date that OSC issues its close-out letter, or if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt. *Id*.; 5 C.F.R. § 1209.5(a)(1). This deadline may be extended when the appellant, despite having diligently pursued her rights, was unable to make a timely filing. 5 C.F.R. § 1209.5(b).

Notwithstanding the implementing provisions of 5 C.F.R. § 1209.5, the filing period for an IRA appeal is statutory—not regulatory. 5 U.S.C. § 1214(a)(3)(A); *Heimberger*, 121 M.S.P.R. 10, ¶ 9. Unlike the Board's regulatory time limits for appeals filed under 5 U.S.C. § 7701, the statutory time limit for filing an IRA appeal cannot be waived for good cause shown because there is no statutory mechanism for doing so. *Id.* However, the filing deadline might be subject to equitable tolling, under which the filing period is suspended for

equitable reasons, such as when the complainant has actively pursued her judicial remedies by filing a defective pleading within the statutory period, or when she has been induced or tricked by her adversary's misconduct into allowing the deadline to pass. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Bauer v. Department of the Army*, 88 M.S.P.R. 352, ¶ 9 (2001); *Wood v. Department of the Air Force*, 54 M.S.P.R. 587, 592 (1992); 5 C.F.R. § 1209.5(b).

On review, the appellant does not challenge the administrative judge's determination that her IRA appeal was untimely filed. Initial Appeal File (IAF), Tab 8, Initial Decision (ID) at 3-4. She opines that the administrative judge erred in finding that, "because the misdirected fax was not sent to a wrong administrative agency (as opposed to a third party), [she] waived her right to appeal." PFR File, Tab 1 at 7. The appellant maintains that 5 C.F.R. § 1209.5(b), which addresses the applicability of equitable tolling in untimely IRA appeals, was not meant to be read so narrowly. *Id.* at 5.

We discern no error in the administrative judge's ultimate determination that equitable tolling does not apply in this case. ID at 7. Equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the litigant has been pursuing her rights diligently and some extraordinary circumstances stood in her way. *Heimberger*, 121 M.S.P.R. 10, ¶ 10. It does not extend to a garden variety claim of "excusable neglect." *Irwin*, 498 U.S. at 96; *Wood*, 54 M.S.P.R. at 593. The failure of the appellant's attorney to timely file the IRA appeal with the Board, while unfortunate, more closely resembles a case of garden variety neglect rather than the type of extraordinary circumstance that warrants tolling a statutory deadline. *See Irwin*, 498 U.S. at 96; *Heimberger*, 121 M.S.P.R. 10, ¶¶ 10–12; *Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶¶ 10–11, *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010). The appellant's attorney used the wrong number in faxing the appeal and then failed to ensure that it was received. IAF, Tab 7 at 8-9. The action of the appellant's attorney to file the appeal with the Board was triggered only by the

notification of the private party who received the appeal, after the deadline had already passed. *Id.* at 9, 16. We agree with the administrative judge that the appellant's failure to timely file an appeal was the result of her own lack of due diligence in preserving her legal rights, which is not enough to merit the application of equitable tolling. ID at 7; *see Irwin*, 498 U.S. at 96.

We have considered the appellant's allegation that the filing deadline should be equitably tolled because she filed a defective pleading when she mistakenly faxed the appeal to a private party. PFR File, Tab 1 at 5. Although it is well settled that active pursuit of judicial remedies by filing a defective pleading during the statutory period may be a basis upon which to invoke equitable tolling, in the examples set out by the Supreme Court in *Irwin*, the litigant either timely filed a correct complaint in the wrong court or a deficient complaint with the appropriate adjudicative body. *See Irwin*, 498 U.S. at 96 n.3. Even in *National Cement Company v. Federal Mine Safety and Health Review Commission*, 27 F.3d 526, 530-31 (11th Cir. 1994), which the appellant claims to be an analogous case, the U.S. Court of Appeals for the Eleventh Circuit observed that the Mine Safety and Health Review Commission was able to route the litigant's complaint to its intended recipient, because he mailed his appeal to the correct entity but the incorrect office. In this case, however, the appellant filed the IRA appeal with a private party, who was not affiliated with the Board, rendering the Board unable to ascertain that she filed the appeal or to notify her of the error.

Although she challenges the administrative judge's reliance on three Federal court decisions in that they do not directly implicate 5 C.F.R. § 1209.5(b), the appellant has not established that this situation falls within the limited circumstances warranting equitable tolling under 5 C.F.R. § 1209.5(b). PFR File, Tab 1 at 9-10; ID at 6-7. The appellant has neither filed a defective pleading during the statutory period nor alleged that she was tricked or induced by OSC or the agency into allowing the statutory deadline to pass.

We have considered the appellant's allegation that the four Board decisions upon which the administrative judge relies are distinguishable from the instant appeal in that they discuss the good cause standard in 5 C.F.R. § 1201.22(c), which is not pertinent to the issue of whether equitable tolling applies. PFR File, Tab 1 at 8-9. Although she observes that the good cause standard is not applicable, the appellant nonetheless argues that she met the factors for consideration in determining whether good cause exists. *Id.* at 10-11. Even if the apparent delay in filing is minimal, as the appellant alleges, the Whistleblower Protection Act does not make any provision for late filings or grant the Board authority to waive the time limit for good cause shown. *See MacDonald v. Department of Justice,* 105 M.S.P.R. 83, ¶ 11 (2007); *Coufal v. Department of Justice,* 98 M.S.P.R. 31, ¶ 31 (2004).

To the extent the appellant is arguing that the negligence of her attorney led to the untimely filing, her argument is unavailing. The appellant is responsible for the errors of her chosen representative. *Sofio v. Internal Revenue Service,* 7 M.S.P.R. 667, 670 (1981); *see Pacilli,* 113 M.S.P.R. 526, ¶ 10 (suggesting that the statutory time limit precludes the Board from waiving the deadline, even if a belated IRA appeal is the result of neglect or misconduct of the appellant's attorney).

We agree with the administrative judge that the appellant's IRA appeal was untimely filed and that she has not alleged any circumstances that would warrant the application of equitable tolling to excuse her untimely filing. Because the appeal is dismissed on timeliness grounds, we do not reach the jurisdictional issue. *Heimberger,* 121 M.S.P.R. 10, ¶ 13.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:            _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.