# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TOMMY L. RUFF,
      Appellant,

    v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
DC-0752-16-0840-I-2

DATE:  February 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tommy L. Ruff</u>, Conover, North Carolina, pro se.

<u>Brandon Truman</u>, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective August 12, 2016, the agency removed the appellant from his Supervisor of Maintenance Operations position based on a charge of improper conduct. *Ruff v. U.S. Postal Service*, MSPB Docket No. DC-0752-16-0840-I-1, Initial Appeal File (IAF), Tab 4 at 21, 25. The agency's charge alleged, among other things, that the appellant made comments and gestures of a sexual nature to a female subordinate employee. *Id.* at 29-30. For example, the appellant allegedly asked her if he could rub her back and if he could come to her house. *Id.* at 29. He also allegedly sent her a text message that stated, "I want u [sic]." *Id*.

The appellant appealed his removal to the Board and requested a hearing. IAF, Tab 1 at 1-5. The administrative judge dismissed the appeal without prejudice and refiled it. *Ruff v. U.S. Postal Service*, MSPB Docket No. DC-0752-16-0840-I-2, Appeal File (I-2 AF), Tabs 1-2. The appellant disputed the agency's charge but conceded during a prehearing conference that, if the agency proved the charged misconduct, there is a nexus between the misconduct and the efficiency of the service and that the penalty imposed does not exceed the bounds of reasonableness. I-2 AF, Tab 3 at 4-5, Tab 5 at 2.

After holding a hearing, the administrative judge issued an initial decision affirming the removal action. I-2 AF, Tab 9, Initial Decision (ID) at 2, 16-17. Specifically, he sustained the improper conduct charge, ID at 3-16, and noted the appellant's concession of the existence of a nexus and the reasonableness of the penalty, ID at 3 n.4.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response opposing his petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency proved its charge of improper conduct by preponderant evidence.

On review, the appellant challenges the administrative judge's finding that the agency proved its charge of improper conduct, raising the following arguments: (1) the administrative judge erred in relying on the testimony of the complaining witness (complainant); (2) the administrative judge did not allow him to present employee statements during the hearing purportedly relating to the complainant's credibility; (3) one of his approved witnesses was not available to testify at the hearing; and (4) he was not properly represented by his attorney below.[2] PFR File, Tab 1 at 5. As discussed below, we affirm the administrative judge's finding that the agency proved the charge by preponderant evidence. ID at 16; *see Lachance v. Merit Systems Protection Board*, 147 F.3d 1367, 1371 (Fed. Cir. 1998) (finding that, when an agency has employed a generic label for the charge, the Board must look to the specification to determine what conduct the agency is relying on as the basis for its proposed action).

The administrative judge found that the complainant's testimony was more credible than the appellant's. ID at 15. Specifically, the administrative judge observed the complainant's demeanor and found that she testified in a straightforward, consistent, and unrehearsed manner. *Id.* He also found that her

_____

[2] The appellant's attorney withdrew from representation after the hearing and before the issuance of the initial decision. I-2 AF, Tab 7.

testimony was consistent with her previous statements. *Id.* The administrative judge further found unconvincing the appellant's claim that the complainant falsified her testimony because she wanted his position or disliked the fact that he was her supervisor. *Id.* In addition, the administrative judge observed that the appellant appeared willing to alter his version of events on the spot. ID at 16. Moreover, the administrative judge found that the appellant's proffered reasons for sending the text messages at issue were inherently implausible. *Id.*

The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge heard live testimony and based his credibility determinations on the demeanor of the witnesses. ID at 15-16. Thus, the Board may overturn such determinations only if it has "sufficiently sound" reasons for doing so. *Haebe*, 288 F.3d at 1301. For the following reasons, we find that the appellant's allegations do not provide a sufficiently sound reason to overturn the administrative judge's credibility determinations. *See Rapp v. Office of Personnel Management*, 108 M.S.P.R. 674, ¶ 13 (2008) (finding that a sufficiently sound reason to overturn a credibility determination is when the administrative judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole).

The appellant alleges that the administrative judge did not allow him to present employee statements during the hearing purportedly discrediting the complainant's testimony.[3] PFR File, Tab 1 at 5. He argues that such statements

---

[3] During the hearing, the appellant's attorney asked the appellant why he believed the complainant had a motivation to give false testimony. I-2 AF, Tab 6, Hearing Compact Disc (direct examination of the appellant). He testified that, during the agency's investigation, several employees made statements asserting harassment by the complainant. *Id.* The agency representative objected to this testimony, and the administrative judge overruled the objection. *Id.* The administrative judge then instructed the appellant to answer his attorney's question. *Id.*

prove that she was motivated to give false testimony and that she has been accused of harassment by other male employees. *Id.* The Board has held that an administrative judge must consider, among other things, the character and bias of a witness when making a credibility determination. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458-60 (1987).

Based on our review of the record, we find that the appellant has failed to prove that the administrative judge excluded evidence relevant to the complainant's credibility. *See Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011) (finding that, to prove that an administrative judge abused his discretion in excluding evidence, an appellant must show that the disallowed evidence would have affected the outcome of the appeal). The record below contains investigatory notes of employee interviews. IAF, Tab 4 at 75-88, 98-100, 104-05, 107-09. The administrative judge properly considered this evidence in determining the credibility of the complainant's testimony. ID at 16 n.22. Moreover, to the extent the appellant is referring to employee statements not contained in the record below, he has failed to describe or provide such evidence on review. PFR File, Tab 1. Thus, we find that the appellant has failed to prove that the administrative judge erred in relying on the complainant's testimony in sustaining the agency's charge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's credibility findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions on issues of credibility).

Regarding the appellant's arguments—that his approved witness was unable to testify at the hearing and that he was not properly represented by his attorney below—we find that they provide no basis to disturb the initial decision. PFR File, Tab 1 at 5. The appellant has neither alleged any potential testimony that the approved witness could have made that would have led to a different outcome, nor provided a statement from the approved witness on review. PFR File, Tab 1; *see* 5 C.F.R. § 1201.115(d) (providing that the Board may grant a

petition for review based on new and material evidence or legal argument). Moreover, except when an appellant's diligent efforts to prosecute an appeal have been thwarted, without his knowledge, by his attorney's deceptions, negligence, or malfeasance, an appellant generally is responsible for the errors of his chosen representative. *Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 13, *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010). Here, we find that the appellant has not presented circumstances to warrant finding an exception to that general principle.

Finally, the appellant has not challenged the issues of nexus or penalty on review after conceding them below. PFR File, Tab 1; ID at 3 n.4; I-2 AF, Tab 5 at 2; *see Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶ 6 (2012) (explaining that, in an adverse action appeal, the agency generally must prove its charge by preponderant evidence and establish a nexus between the sustained misconduct and the efficiency of the service, and that the penalty is within the tolerable bounds of reasonableness). Accordingly, we find that the administrative judge properly affirmed the agency's removal action.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.