## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DANNY LEE,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>SOCIAL SECURITY<br>　ADMINISTRATION,<br>　　　　　Agency. | DOCKET NUMBER<br>SF-0752-18-0753-I-1<br><br><br><br>DATE:  February 23, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Danny Lee, Poway, California, pro se.

Chantal Jenkins, Baltimore, Maryland, for the agency.

### BEFORE

Cathy Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. On petition for review, the appellant challenges the administrative judge's finding that his resignation was not involuntary, indicates that he has new evidence in the form of emails from agency officials supporting his assertion that he was subject to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

constant harassment, and reasserts his arguments that the agency's charges in the removal proposal are "false," that he was not allowed to read the documents supporting his proposed removal, that he was denied a union representative, that he was denied requested reasonable accommodations, that he did not receive information concerning his right to appeal the agency's decision disqualifying him from telework eligibility, and that his supervisor "perjured" himself. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

Regarding the appellant's challenge to the administrative judge's findings concerning the voluntariness of the appellant's resignation decision, we find no reason to disturb the administrative judge's findings on review.  As the administrative judge observed, an employee is not guaranteed a stress-free working environment.  *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000); *see* Initial Appeal File (IAF), Tab 27, Initial Decision (ID) at 16.  Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not

so intolerable as to compel a reasonable person to resign or retire. *Brown*, 115 M.S.P.R. 609, ¶ 15; *Miller*, 85 M.S.P.R. 310, ¶ 32. Based on the totality of the circumstances, the administrative judge determined that the appellant failed to make a nonfrivolous allegation that the agency deprived him of freedom of choice or made his working conditions so difficult or unpleasant that a reasonable person would have felt compelled to resign or retire. ID at 22-23.

On review, the appellant has merely restated his allegation that he felt compelled to resign based on these disagreements. Petition for Review (PFR) File, Tab 1 at 5-6. Aside from general workplace dissatisfaction and ongoing disagreements with agency management, the appellant did not describe work conditions that are sufficiently unpleasant or intolerable that they would compel a reasonable employee to resign. Accordingly, we agree with the administrative judge's conclusion that such disagreements do not rise to the level of being so intolerable as to compel a reasonable person to resign. ID at 22-23; *see Brown*, 115 M.S.P.R. 609, ¶ 15; *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶¶ 19-20 (2008) (explaining that allegations of being assigned to onerous tasks, being unjustifiably threatened with discipline, and being subjected to unnecessary investigations did not suffice to make a nonfrivolous allegation of jurisdiction over an involuntary resignation based on coercion); *Miller*, 85 M.S.P.R. 310, ¶ 32.

The appellant also takes issue with the allegations contained in the agency's proposed removal and challenges the merits of that determination. PFR File, Tab 1 at 4-5, Tab 5 at 4-5. To the extent the appellant is suggesting that he had no choice but to resign in the face of the notice of proposed removal, we find no merit to that argument. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc); *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (finding that the appellant failed to prove that a reasonable person in his position would have felt compelled to resign where he had the option to stand and fight the alleged discrimination, harassment, and

retaliation rather than resign). If the appellant believed that the proposed removal was unjustified or unsupported by the evidence, he could have stayed and challenged the proposal instead of resigning. *See Baldwin*, 109 M.S.P.R. 392, ¶ 12 (stating that an employee being faced with the unpleasant choice of either resigning or opposing a potential adverse action does not rebut the presumed voluntariness of her ultimate choice of resignation).

Alternatively, to the extent the appellant is arguing that the agency knew that its threatened removal action could not be substantiated, the administrative judge considered and rejected this theory. ID at 23-24. On review, the appellant reasserts his argument that the agency's charges are "false," which could be understood as a claim that the agency knew or should have known that the proposed removal action could not be substantiated. PFR File, Tab 1 at 4-5, Tab 2 at 5-6, Tab 5 at 4. As the administrative judge observed, an appellant may show that a resignation was based on coercion when the resignation is induced by a threat to take disciplinary action that the agency knows could not be substantiated or when the agency takes steps against an employee, "not for any legitimate agency purpose but simply to force the employee to quit." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996); *see* ID at 23-24. However, the doctrine of coerced involuntariness is "a narrow one." *Staats*, 99 F.3d at 1124. It does not apply if the employee resigns because he "does not want to accept [measures] that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels that he has no realistic option but to leave." *Id.* Here, the appellant has not provided sufficient evidence to make a nonfrivolous allegation that the agency knew that its penalty could not be substantiated. The appellant's blanket assertion that the agency's charges are "false," and that he did not hang up the phone on a claimant as the agency detailed in the proposal and as described in significant detail by an agency supervisor, are insufficient to meet his high burden of showing that the

agency knew the action could not be substantiated. PFR File, Tab 1 at 4-5, Tab 2 at 5-6, Tab 5 at 4; *see* IAF, Tab 1 at 11-19, Tab 14 at 16-17.

The appellant also argues that he was denied a number of reasonable accommodations. PFR File, Tab 1 at 5. To the extent he is suggesting that the denial of reasonable accommodation constituted discrimination, as the administrative judge correctly observed, at the jurisdictional stage, an allegation of discrimination in the context of an involuntary adverse action appeal may only be considered insofar as it relates to the issue of voluntariness. ID at 16, 20; *see Axsom*, 110 M.S.P.R. 605, ¶ 12. Here, the administrative judge thoroughly reviewed the appellant's allegations and the record and concluded that, although the agency did not grant the appellant all of his requested accommodations, a number of them were granted, and the appellant's allegations of non-accommodation lacked specificity and were conclusory, generalized, "self-contradicting and exaggerated," and implausible on their face. ID at 18-20. Although the agency did not grant all of the appellant's requested accommodations, it did grant a significant number of effective alternative accommodations, including a standalone printer to reduce prolonged walking or standing, flexible breaks and liberal leave, a hard surface chair mat, a private area to lay in a recumbent position when necessary, an ergonomic mouse and keyboard, and assistance in lifting files weighing more than 5 pounds. *Id.* at 53-55. Nothing in the record indicates that the agency failed to follow any of the appellant's specific medical restrictions, and therefore, we agree with the administrative judge's conclusion that the appellant's generalized allegations of discrimination based on the fact that he was denied accommodations similarly do not support his claim that his resignation was involuntary. ID at 17 n.8, 19-21; *cf. Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶¶ 6-7 (2010) (finding that the appellant nonfrivolously alleged that her resignation was involuntary based on the agency's denial of her request for a reasonable accommodation (telecommuting) that, according to her doctor, would have

permitted her to continue to work full-time despite her medical condition); *Swift v. U.S. Postal Service*, 61 M.S.P.R. 29, 32-33 (1994) (finding that an employee's contention that he was harassed at work, coupled with supporting medical documentation that his depression and anxiety were aggravated by harassment he was receiving from his supervisor, was sufficient to constitute a nonfrivolous allegation of involuntariness regarding his resignation).

Regarding the appellant's claim that he was denied a union representative and the opportunity to review documents and contact witnesses at the meeting where he received the proposed removal, the administrative judge acknowledged this claim below in the context of assessing the voluntariness of the appellant's decision to resign, but ultimately concluded that the appellant had not met his burden of making a nonfrivolous allegation that his resignation was coerced. *See* ID at 12, 18-19. Additionally, as the agency observed, because the subject of the meeting was merely to provide the appellant with the notice of proposed removal, pursuant to the union agreement, it does not appear that the appellant was entitled to union representation or a witness at the meeting. IAF, Tab 9 at 14-15, 20, 28-29; *see National Labor Relations Board v. J. Weingarten, Inc.*, 420 U.S. 251, 260 (1975) (concluding that private sector employees are entitled to union representation at an investigatory interview that the employee reasonably believes might result in disciplinary action); *see also* 5 U.S.C. § 7114(a)(2)(B) (providing Federal employees *Weingarten*-type rights in the Civil Service Reform Act). Regarding the appellant's claim that he did not receive information concerning his right to appeal the agency's decision disqualifying him from telework eligibility, the administrative judge also reviewed and rejected this allegation in considering the voluntariness of the appellant's resignation decision. *See* ID at 4 n.3, 20. Further, although the appellant asserts that he was "not allowed to read the termination papers," he resigned from his position before the agency issued a decision on the proposed removal, and he does not challenge the

agency's assertion that he received a copy of the proposed removal as well as the evidence the agency relied on in proposing his removal. *See* IAF, Tab 11 at 7-15.

Although the appellant takes issue with the administrative judge's characterization of his reassignment to the position of Senior Case Technician as a "promotion" and argues that the new position had greater physical demands, the record reflects that his previous position was a GS-6 Legal Assistant/Case Technician position and he was reassigned to a GS-8 Legal Assistant/Senior Case Technician position; so, despite his assertion otherwise, the position was a promotion. PFR File, Tab 1 at 4-5; *see* IAF, Tab 16 at 10, 14. Additionally, even assuming the promotion position had greater physical demands, as previously noted, the agency granted the appellant numerous reasonable accommodations, and nothing in the record indicates that the appellant was required to work outside of his physical restrictions.

Regarding the appellant's assertion that he received a favorable decision from the California unemployment office based on "constructive discharge," and his suggestion that this demonstrates that his resignation was involuntary, we conclude that this does not provide justification for disturbing the initial decision. PFR File, Tab 5 at 4. The Board has held that decisions by state unemployment tribunals are not binding on the Board, and the award of such benefits does not mean that the administrative judge erred in concluding that the appellant's resignation was not involuntary. *See Herring v. U.S. Postal Service*, 40 M.S.P.R. 342, 346-47 (1989) (concluding that decisions by state unemployment tribunals are not given collateral estoppel effect). With respect to the appellant's claim that his former supervisor and the agency representative included personally identifiable information (PII) in the removal proposal and in the agency file, the appellant also raised this issue below but did not offer any explanation for why it was relevant, or for how it related to the voluntariness of his resignation or his jurisdictional burden in this case. PFR File, Tab 2 at 4-8; *see* IAF, Tab 1 at 5; ID at 11.

There is also no merit to the appellant's claim that he was denied the opportunity to conduct discovery. PFR File, Tab 1 at 4-5. Although the acknowledgment order provided the appellant with basic discovery instructions and directed him to the applicable regulations, the administrative judge issued an order staying discovery regarding the merits of the appeal pending a decision on the threshold jurisdictional issue in response to the agency's motion to compel. *See* IAF, Tab 2 at 6-7, Tab 21 at 1-2. Since the administrative judge ultimately concluded that the appellant failed to meet his jurisdictional burden of proving that his resignation was involuntary, he denied the request to lift the stay and instead issued the initial decision dismissing the appeal for lack of jurisdiction. *See* IAF, Tab 25. Because we agree with the administrative judge's determination that the appellant failed to demonstrate that his resignation was involuntary, we agree that, absent a ruling on the threshold jurisdictional issue, he was not entitled to conduct discovery, and so we conclude that the administrative judge did not abuse his discretion in his discovery-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013) (recognizing that an administrative judge has broad discretion in ruling on discovery matters and, absent an abuse of discretion, the Board will not find reversible error in such rulings). Further, regarding the appellant's assertion that the "in lieu of involuntary action" designation on his Standard Form (SF) 50 is making it difficult for him to find another job, as the administrative judge noted and as the record reflects, the appellant's supervisor informed him at the time he stated that he wanted to resign that his SF-50 would reflect the fact that his resignation was in lieu of an involuntary action. PFR File, Tab 1 at 5; *see* IAF, Tab 10 at 12; ID at 5, 27.

Additionally, in a supplemental filing to his petition for review, he appears to suggest, for the first time, that the agency retaliated against him because of protected whistleblowing activity, citing provisions from the Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat 16 (1989), and the Follow

the Rules Act, Pub. L. No. 115-40, 131 Stat. 861 (2017).  PFR File, Tab 2 at 4-8. Specifically, the appellant appears to suggest that the agency proposed his removal in reprisal for his refusal to falsify records (i.e., that it required him to change his time and attendance records to reflect absence without lave (AWOL) for periods of time he alleges he was not AWOL), and because of his insistence on following the agency's record management policies.  *Id.* at 5-8.

Although the Board may exercise jurisdiction over constructive agency actions as personnel actions in individual right of action (IRA) appeals, 5 U.S.C. § 1221(a); *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 (2014) (finding that an involuntary resignation is cognizable as a personnel action in an IRA appeal), such appeals first require exhaustion of administrative remedies with the Office of Special Counsel (OSC), *see Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 4 (2014) (stating that the first element to Board jurisdiction over an IRA appeal is exhaustion by the appellant of his administrative remedy before OSC).  Nothing in the record indicates that the appellant filed and exhausted his claims regarding these allegations, such that the Board would have jurisdiction over these claims.  Nevertheless, in an abundance of caution, we have considered the appellant's apparent whistleblower retaliation claims to the extent they go to the ultimate question of coercion.  *See Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 24 (2004) (providing that, when an appellant raises allegations of reprisal for whistleblowing activity in connection with a constructive removal claim, evidence of reprisal goes to the ultimate question of coercion).  The administrative judge considered these claims and determined that they were "self-contradicting and exaggerated" and "not plausible on their face," and the appellant has not offered any new evidence on review to rebut these conclusions.  ID at 20.  Accordingly, we conclude that, to the extent the appellant is alleging that he felt compelled to resign due to retaliation by agency officials based on protected whistleblowing activity, we see no reason to disturb the administrative judge's findings and agree that the appellant has not

met his burden of making a nonfrivolous allegation of involuntariness. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Regarding the appellant's allegation that his former supervisor committed "perjury," based on the fact that statements he made related to the removal proposal are contrary to statements contained in the appellant's disability retirement appeal, there is no support for the appellant's claim. PFR File, Tab 1 at 5 (citing *Lee v. Office of Personnel Management*, MSPB Docket No. SF-844E-18-0754-I-1, Initial Appeal File). As an initial matter, the two decisions are not inconsistent. The other appeal concerns the appellant's application for a Federal Employees' Retirement System (FERS) disability retirement and is directed at the Office of Personnel Management (OPM), while the instant appeal concerns his involuntary resignation claim and is directed at the SSA, his former employing agency. The administrative judge in the other appeal affirmed OPM's reconsideration decision denying the appellant's disability retirement application, and nothing in that decision is inconsistent with the decision reached by the administrative judge in the instant appeal. *See Lee v. Office of Personnel Management*, MSPB Docket No. SF-844E-18-0754-I-1, Initial Decision at 1, 28-29 (July 30, 2019). The appellant has filed a petition for review in that case, which will be addressed in a separate decision. Additionally, aside from generally reasserting that the supervisor "perjured" himself, the appellant has not provided any elaboration or identified which statements he believes constitute perjury, and so we see no reason to disturb the initial decision on this basis. *See* PFR File, Tab 1 at 5.

Finally, regarding the purportedly new evidence the appellant submits for the first time with his petition for review, he has not shown that any of this

information is both new and material. PFR File, Tab 1 at 7-142; *see Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (noting that under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material). The emails are all dated from April 2014, through the date of the appellant's resignation, July 27, 2018, which is prior to the September 24, 2018 close of record in this case. PFR File, Tab 1 at 7-142; *see* IAF, Tab 2 at 5. Additionally, the appellant concedes that these emails were not previously unavailable, noting that he was in possession of them before the record closed below and that he provided them to his attorney, but his attorney did not file them with the Board. PFR File, Tab 1 at 3. Thus, the evidence is not new. The Board has held that it generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Furthermore, regarding the appellant's claim that his representative failed to submit the emails, an appellant is responsible for the errors of his chosen representative. *Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 13, *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

The appellant also has not explained how these emails are "material." *Okello*, 112 M.S.P.R. 563, ¶ 10. On review, the appellant generally argues that the emails show that he was subjected to repeated harassment by his former supervisor. PFR File, Tab 1 at 4-6. Specifically, the appellant argues that he reported his former supervisor to the agency's harassment officers, but the officers did nothing about his allegations, and he provides copies of email exchanges with harassment officers. PFR File, Tab 1 at 4-5, 9-12, 39-54, 114-42. The administrative judge considered, and rejected, this argument below, and the appellant does not offer specific argument as to why the emails are material or why they show that he has met his jurisdictional burden of demonstrating that his

resignation was involuntary. *See* ID at 17-18. The appellant also argues that the emails demonstrate that he did not engage in the misconduct alleged in the removal proposal. PFR File, Tab 1 at 4-6. The administrative judge similarly considered, and rejected, this argument in the context of addressing whether the agency threatened a removal action that it knew could not be substantiated, but determined that the appellant failed to make a nonfrivolous allegation that the agency knew the removal could not be substantiated or that it had no reasonable basis for taking the action, noting that the appellant provided nothing more than generalized arguments rebutting the allegations contained in the proposed removal. *See* ID at 23-24. The appellant merely restates these arguments on review, and none of the emails the appellant has provided serve to undercut the administrative judge's finding in this regard. Thus, the emails are not material. Accordingly, we have not considered them.[2]

---

[2] After the record closed on petition for review, the appellant filed a motion for leave to submit additional evidence regarding his mid-year performance review and response, and "harassment reports" purportedly in the agency's possession. PFR File, Tab 7 at 3. The reports appear to relate to the appellant's general allegations of harassment by his first-line supervisor during his employment and his objections to how those complaints were handled during the agency's internal harassment investigation process. *See* PFR Fie, Tab 1 at 5, 39-54, 114-42. Although the appellant vaguely suggests that the reports evidence "corruption" by his former agency, he has not specifically explained how the reports are material or would provide evidence relevant to the involuntariness of his resignation decision. *See Okello,* 112 M.S.P.R. 563, ¶ 10.

Regarding the appellant's mid-year performance review and his response to it, although he does not further elaborate in his new pleading, he referenced these documents in his petition for review, indicating that his negative mid-year review would support his claim that he had no choice but to leave his former position. PFR File, Tab 1 at 5. The administrative judge considered this argument in the context of assessing the voluntariness of the appellant's resignation decision, but nevertheless concluded that the agency's actions did not rise to the level such that a reasonable person would have felt compelled to resign or retire—a conclusion with which we ultimately agree. *See* ID at 10, 23; *supra* pages 6-7. The appellant has not further explained what he expects the mid-year review and responses to show or how the documents otherwise relate to the involuntariness of his resignation decision. *See Okello,* 112 M.S.P.R. 563, ¶ 10. Consequently, the motion is denied.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:             *Gina K. Grippando*

                                    _____

                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.