# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GLORIA A. BUNCH,

      Appellant,

    v.

DEPARTMENT OF VETERANS
   AFFAIRS,

      Agency.

DOCKET NUMBER
CH-0752-13-0455-I-1

DATE: July 16, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gloria A. Bunch</u>, Little Rock, Arkansas, pro se.

<u>Zane Perry Schmeeckle</u>, Kansas City, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her removal as barred by the doctrine of res judicata. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    On July 31, 2007, the appellant appealed the agency's decision removing her from her position as a Social Worker at the VA Medical Center in Kansas City, Missouri, and the administrative judge in that case issued an initial decision on November 13, 2007, sustaining the agency's removal action. *Bunch v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-07-0587-I-1, Appeal File, Tabs 1, 32. The appellant filed a petition for review of that decision and on February 29, 2008, the Board issued a Final Order denying the appellant's petition for review.[2] *Bunch v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-07-0587-I-1, Petition for Review File, Tabs 1, 6.

¶3    On April 18, 2013, the appellant filed the instant appeal, again challenging her removal. Initial Appeal File (IAF), Tab 1. The administrative judge issued an acknowledgment order noting that it appeared the appellant was attempting to raise a claim that had already been fully adjudicated and instructed her to file evidence and argument to show good cause why her appeal should not be dismissed on res judicata grounds. IAF, Tab 2; see IAF, Tabs 7, 9. After considering the appellant's jurisdictional response, the administrative judge issued an initial decision on August 1, 2013, dismissing the appeal as barred by the doctrine of res judicata, without holding the appellant's requested hearing. IAF, Tab 13, Initial Decision (ID); *see* IAF, Tabs 10-12. The administrative judge informed the appellant that any petition for review of the initial decision must be filed no later than September 5, 2013, and provided instructions on how to do so. ID at 3-6.

---

[2] The appellant also filed a petition for review of the Board's decision with the Equal Employment Opportunity Commission (EEOC) regarding her claim that the agency discriminated against her on the basis of reprisal for her prior protected equal employment opportunity activity when it removed her. *See Bunch v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-07-0587-I-1, Petition for Review (0587 PFR) File, Tab 8. In a final decision dated April 22, 2008, the EEOC's Office of Federal Operations concurred with the Board's decision finding no discrimination. 0587 PFR File, Tab 10.

¶4    The appellant filed a petition for review, more than 7 years later, on January 12, 2021.  Petition for Review (PFR) File, Tab 1.  The Acting Clerk of the Board issued an acknowledgment order noting that the appellant's petition for review appeared untimely, and the appellant submitted a motion to waive the time limit for filing a petition for review.  PFR File, Tabs 2-3.  The agency filed a response requesting that the Board dismiss the petition for review as untimely filed without good cause shown for the delay, or alternatively, affirm the initial decision because the administrative judge correctly dismissed the appeal as barred by the doctrine of res judicata.  PFR File, Tab 4.  The appellant filed a reply.  PFR File, Tab 11.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's petition for review is untimely filed without good cause shown.

¶5    The Board's regulations provide that a petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.  *See* 5 C.F.R. § 1201.114(e); *see also Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014).  Here, the initial decision was issued on August 1, 2013, and the administrative judge correctly informed the appellant that she was required to file any petition for review no later than September 5, 2013. ID at 1, 4. The appellant's petition for review of the initial decision was filed on January 12, 2021.  PFR File, Tab 1 at 209; Tab 2 at 1.  We therefore find that the petition for review is untimely filed by over 7 years and 4 months.

---

[3] The appellant also filed a pleading entitled "Notice of Motion and Motion to Quash Certificate of Service," requesting that the Board reject the agency's response to the petition for review because it failed to properly serve the pleading on the appellant by the response filing deadline.  PFR File, Tab 6.  In light of our disposition dismissing this appeal as untimely filed without good cause shown for the delay, the appellant's motion is moot.

¶6        The Board may waive its timeliness regulations only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.12, 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 594, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). The Board may decline to excuse a pro se appellant's minimal delay when she fails to establish that she acted with due diligence. *See, e.g.*, *Lockhart v. Office of Personnel Management*, 94 M.S.P.R. 396, ¶¶ 7-8 (2002).

¶7        Although the appellant is pro se, the remaining factors disfavor finding that good cause exists for her delay in filing. Her filing delay of over 7 years and 4 months is significant. *Youngblood v. U.S. Postal Service*, 112 M.S.P.R. 136, ¶¶ 7-8 (2009) (finding a delay of over 2 years in the filing a petition for review was "significant," and declining to excuse the untimeliness of the petition, even considering the appellant's pro se status). We have also considered the appellant's assertion that the filing deadline should be waived because of her various health conditions. The Board will find good cause for an untimely filing when a party demonstrates that she suffered from an illness or medical condition that affected her ability to file on time. *See Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 19 (2016). To establish that an untimely filing was the result

of an illness, the party must (1) identify the time period during which she suffered from the illness, (2) submit medical evidence showing that she suffered from the alleged illness during that time period, and (3) explain how the illness prevented her from timely filing her petition or a request for an extension of time. *Nesby v. Office of Personnel Management*, 81 M.S.P.R. 118, ¶ 7 (1999); *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). The party need not prove incapacitation, only that her ability to file was affected or impaired by the medical condition. *Id*.

¶8    In her motion to waive the time limit for filing a petition for review, the appellant identifies that she has had numerous hospitalizations and surgeries, and states that her health conditions have left her incapacitated and unable to advocate for herself. PFR File, Tab 3 at 2-3. With her motion, she provides an undated letter noting that she was admitted to a hospital from August 8, 2015, through August 22, 2015, for certain health conditions, and a letter dated October 27, 2010, noting that she had been treated for fibromyalgia and had a knee replacement on October 19, 2010. *Id.* at 4-5. Additionally, with her petition for review filing, the appellant provided numerous medical documents dating from May 1996 through December 9, 2020, documenting her various conditions. PFR File, Tab 1 at 28-208. The bulk of these records cover the period from April 2005 through April 2014, and relate to the appellant's treatment for various health conditions. *See id.* at 30-141. The records also reflect that the appellant was hospitalized several times during the period from April 2005 through November 2006. *Id.* at 30-33, 37-38, 52-53, 56, 80. In her reply to the agency's response to the petition for review, the appellant includes additional records covering the period from January 2013 through January 2014, relating mostly to her hip, shoulder, lower back, osteoarthritis, and associated pain conditions. PFR File, Tab 11 at 8-76.

¶9    Although the appellant generally states that her various conditions prevented her from "being of sound mind and physical health to prosecute" her

appeal in a timely manner, she has not specifically explained how her conditions prevented her from filing a petition for review or motion for an extension of time. PFR File, Tab 4 at 6. Although some of the medical records state that the appellant is disabled and unable to work due to her various conditions and include requests that she be provided additional time to submit filings, none of the records explain how her illnesses prevented her from timely filing a petition for review for the duration of the relevant time period, between the issuance of the initial decision on August 1, 2013, and the filing of her petition for review on January 12, 2021. *See e.g.*, PFR File, Tab 1 at 48, 93, 137, 147-48. Specifically, none of the medical records cover a significant portion of the 7-year period between when the administrative judge issued the initial decision and when the appellant filed her petition for review, including the period from April 22, 2014, through August 7, 2015, and from August 23, 2015, through September 12, 2019. *See Pirkkala*, 123 M.S.P.R. 288, ¶ 20 (finding that the appellant failed to explain how her shoulder problems affected her ability to file a timely removal appeal); *Gonzalez v. Department of Veterans Affairs*, 111 M.S.P.R. 697, ¶¶ 9-10 (2009) (finding that a physician's office's notes excusing an appellant from work for stress, insomnia, and severe headaches failed to establish that his conditions impaired his ability to file a timely petition for review or request an extension of time to file); *Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶¶ 10-11 (2007) (finding that an appellant failed to establish good cause for an untimely filing despite her assertion that she suffered from anxiety and depression because she did not present any evidence that specifically addressed her condition during the relevant time period even though other evidence showed that she suffered from symptoms prior to the filing period, and because she failed to explain how her medical conditions prevented her from making a timely filing or requesting an extension).

¶10    Additionally, in December 2019, the appellant filed an appeal with the Office of Personnel Management (OPM) pertaining to her Federal Employees'

Group Life Insurance coverage election, and subsequently filed a May 2020 Board appeal challenging OPM's final decision and an October 2020 petition for review of that initial decision, all during the relevant period. *Bunch v. Office of Personnel Management*, MSPB Docket No. DA-0841-20-0350-I-1, Appeal File (0350 AF), Tab 1, 15; *Bunch v. Office of Personnel Management*, MSPB Docket No. DA-0841-20-0350-I-1, Petition for Review File, Tab 1; *see* 0350 AF, Tab 10 at 5-7. The appellant's demonstrated ability to actively participate in other proceedings during the relevant period weighs against a finding that her medical conditions prevented her from timely filing her petition for review or a request for an extension of time. *See Stribling*, 107 M.S.P.R. 166, ¶ 14 (finding that the appellant failed to establish that her medical condition prevented her from timely filing her petition for review or a request for an extension of time because she was actively participating in other proceedings during the relevant time period). We therefore find that the appellant has failed to establish good cause for a waiver of the time limit.[4]

_____

[4] Following the close of the record on review, the appellant submitted a motion for leave to file an additional pleading. PFR File, Tab 18. In the motion, she requests to submit medical records demonstrating that she was "'incapacitated' throughout this process," emphasizing that she had multiple hospitalizations during the period from May 2, 2021, through May 7, 2021, had surgeries, and was unable to advocate for herself. *Id.* at 3. She also asserts that her previous attorney failed to include all of her medical records below and that she did not understand a prior Board order rejecting her request to submit an additional pleading. *Id.*; PFR File, Tab 15. The appellant has not provided any indication of what new medical record evidence she would like to submit, if any, and further, she still has not alleged that the additional medical records would explain her untimeliness during the period relevant in this appeal, from August 1, 2013, through January 12, 2021. Regarding her assertion that her prior attorney improperly failed to include relevant medical record evidence below, the Board has repeatedly held that, absent evidence of deception, negligence, or malfeasance, the appellant is generally responsible for the errors of her chosen representative. *See e.g., Hamilton v. Department of Homeland Security*, 117 M.S.P.R. 384, ¶ 13 (2012) (finding that the appellant's claim of receiving misguided advice from his attorney was unpersuasive because he is responsible for the errors of his chosen representative); *Fox v. U.S. Postal Service*, 81 M.S.P.R. 522, ¶¶ 4-5 (1999) (rejecting an appellant's attempt to introduce evidence on petition for review which was not introduced below, noting that appellant was responsible for the strategic errors of his representative); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981); *cf. Pacilli v. Department of Veterans Affairs*,

¶11     For the forgoing reasons, we dismiss the appellant's petition for review as untimely filed without good cause shown.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the removal appeal.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

113 M.S.P.R. 526, ¶ 13 (explaining that, although an appellant generally is responsible for the errors of her chosen representative, an exception may lie when the appellant establishes that her diligent efforts to prosecute an appeal were thwarted without her knowledge by her attorney's deceptions, negligence, or malfeasance), *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010).  Accordingly, the motion is denied.  *See* 5 C.F.R. §§ 1201.114(k), 1201.115(d).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.