# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MATTHEW LOUIS COHN,
                Appellant,

      v.

DEPARTMENT OF DEFENSE,
                Agency.

DOCKET NUMBER
DC-1221-21-0005-W-1

DATE: October 25, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Matthew Louis Cohn</u>, Clinton, Maryland, pro se.

<u>Stephanie Sneed</u>, Esquire, Bethesda, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

**BACKGROUND**

¶2　　　The agency terminated the appellant from his position as a GS-13 Process Improvement Specialist during his probationary period. Initial Appeal File (IAF), Tab 1 at 7-9. He then filed a complaint with the Office of Special Counsel (OSC) asserting that his termination was taken in reprisal for his protected whistleblowing disclosures. *Id.* at 11. In letters dated July 27, 2020, OSC informed the appellant that it had closed its investigation into his allegations and that he could file a request for corrective action with the Board within 65 days after the date of the letter. IAF, Tab 1 at 11-12, Tab 6 at 10-11.

¶3　　　On October 1, 2020, the appellant filed an IRA appeal with the Board. IAF, Tab 1 at 3-5. The administrative judge issued an order informing the appellant that, pursuant to the time limits set forth in 5 U.S.C. § 1214(a)(3) and 5 C.F.R. § 1209.5(a), his appeal had to be filed by September 30, 2020, sixty-five days after July 27, 2020, and thus, his appeal was one day late. IAF, Tab 3 at 3. She further apprised the appellant of the legal standard for applying the doctrine of equitable tolling to extend the filing deadline, notified him of his burden regarding timeliness and the application of equitable tolling, and ordered him to file evidence and/or argument on those issues. *Id.* at 3-4, 10. The appellant responded that his appeal was filed 1 day late due to a "documented system malfunction." IAF, Tab 5 at 3. He stated that he was unable to upload documents to the Board's e-Appeal system on September 30, 2020. *Id.* He submitted a ticket for technical (tech) support, to which he received a response the following day. *Id.* at 3-4. He was then able to upload documents and, after doing so, filed his appeal. *Id.* at 3. The agency moved to dismiss the appeal as untimely filed. IAF, Tab 8 at 4-6.

¶4 Without holding the requested hearing, the administrative judge issued an initial decision dismissing the IRA appeal as untimely filed. IAF, Tab 9, Initial Decision (ID) at 1, 6. She found that the appeal was filed 1 day late and, although the appellant raised a claim of technical difficulties, there is no evidence that the e-Appeal system malfunctioned or that there was a system outage. ID at 4. She considered that the Board has excused delays in filing when the appellant reasonably, but erroneously, believed he had submitted his appeal, but she observed that was not the situation here. ID at 5. Instead, the appellant "waited until literally the 11th hour" to file his appeal; he knew he had not submitted his appeal when he logged off on the night of September 30, 2020; and there is no evidence that he attempted to file his appeal through some other means such as mail or fax. ID at 5. Thus, she found that the appellant's last-minute decision to file his appeal was garden-variety negligence and not a basis for finding equitable tolling applicable. ID at 5-6.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He asserts, as he did below, that he tried to file his appeal approximately 30 minutes prior to the deadline and that difficulties encountered with the Board's e-Appeal system prevented him from doing so. *Id.* at 4. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 An appellant may file an IRA appeal with the Board once OSC closes its investigation into his complaint and no more than 60 days have elapsed since notification of the closure was provided to him. 5 U.S.C. § 1214(a)(3)(A)(i)-(ii); *see Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 6 (2014). Under the Board's regulations implementing that statutory time limit, an IRA appeal must be filed no later than 65 days after the date that OSC issues its close-out letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt. 5 C.F.R. § 1209.5(a)(1); *see Heimberger*,

121 M.S.P.R. 10, ¶ 6. The appellant bears the burden of proving by preponderant evidence that he timely filed his appeal. 5 C.F.R. § 1201.57(c)(2); *see Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 8, *aff'd per curiam*, 404 F. App'x 466 (Fed. Cir. 2010).

¶7      By letter dated July 27, 2020, OSC notified the appellant that it had terminated its inquiry into his allegations. IAF, Tab 1 at 11. The appellant has not alleged that he received the July 27, 2020 letter more than 5 days after its issuance, thus, the appellant had 65 days after OSC's issuance of its letter, or by September 30, 2020, to file his IRA appeal. IAF, Tab 1 at 11; *see* 5 C.F.R. §§ 1201.23, 1209.5(a)(1). The appellant filed his appeal on October 1, 2020. We agree with the administrative judge that the appellant's IRA appeal was untimely filed by 1 day. ID at 4.

¶8      Notwithstanding the implementing provisions of 5 C.F.R. § 1209.5(a), the filing period for an IRA appeal is statutory, not regulatory. *Heimberger*, 121 M.S.P.R. 10, ¶ 9. As such, the statutory time limit for filing an IRA appeal cannot be waived for good cause shown because there is no statutory mechanism for doing so. *Id.* However, the filing deadline might be subject to equitable tolling, under which the filing period is suspended for equitable reasons, such as when the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass. *Id.*, ¶ 10. Equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the litigant has been pursuing his rights diligently and some extraordinary circumstances stood in his way. *Id.*

¶9      On review, the appellant asserts that he was unable to submit his appeal on September 30, 2020 because the e-Appeal system froze when he attempted to upload a document and required a reset, and his tech support ticket was not resolved until the next day.[2] PFR File, Tab 1 at 4; IAF, Tab 5 at 3. Under limited

_____

[2] The appellant also asserts that he waited until the last day to file in the hopes of acquiring additional information from a pending Office of Inspector General investigation related to his whistleblowing. PFR File, Tab 1 at 4. Although we are not

circumstances, the Board will excuse delays in filing caused by difficulties encountered with the Board's e-Appeal system. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 5 (2014). For example, the Board found good cause for a 1-day delay in filing when an appellant's representative was unable to timely file because the Board's e-Appeal system "timed out," and the Board's records reflected a high incidence of users reporting problems with the e-Appeal system during the same period. *Boykin v. U.S. Postal Service*, 104 M.S.P.R. 460, ¶¶ 3, 6-7 (2007).

¶10     We find that the appellant's inability to timely file was caused by circumstances beyond his control. In concluding that the appellant was not entitled to equitable tolling, the administrative judge did not credit the appellant's statement that he was unable to submit his appeal due to a problem with the e-Appeal system. ID at 4. A declaration subscribed as true under penalty of perjury, if uncontested, proves the facts it asserts. *Tram v. U.S. Postal Service*, 120 M.S.P.R. 208, ¶ 8 (2013). The appellant declared under penalty of perjury that he attempted to timely file his appeal but he was unable to do so because the "submit" button was not available. IAF, Tab 5 at 3. We credit his statement.

¶11     While the agency questioned whether the appellant in fact submitted a tech support ticket on September 30, 2020, and does so again on review, the basis of its argument is that the appellant's assertions lack corroboration. IAF, Tab 8 at 5-6; PFR File, Tab 3 at 5-6. Corroboration is a factor in weighing the appellant's statement, but it is not required. *See Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 22 (2016) (listing the factors to be considered in determining the weight to give hearsay statements). In any event, the appellant submitted an email from the Board dated October 1, 2020, responding to his tech support

persuaded that equitable tolling should be applied for that reason, we have determined that the appellant alleged circumstances warranting equitable tolling in this instance. *See Heimberger*, 121 M.S.P.R. 10, ¶ 11 (stating that the discovery of new evidence does not generally constitute the type of extraordinary circumstance that warrants tolling a statutory deadline, especially when there is no indication that the evidence was previously unavailable because the agency improperly concealed it).

ticket.  IAF, Tab 5 at 4.  We find that the ticket is corroborating evidence of his timeline of events.  Because the appellant made diligent efforts to pursue his rights, as evidenced by his attempt to timely file his appeal, his promptness in filing a tech support ticket, and his promptness in filing his appeal once his tech support ticket was addressed, we find that the appellant has shown a sufficient basis to toll the filing deadline.

¶12    Therefore, we remand this appeal to the regional office for further adjudication.  On remand, the administrative judge should make findings on the issue of jurisdiction.  If the administrative judge determines that the appellant established Board jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence.  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

**ORDER**

¶13    For the reasons discussed above, we vacate the initial decision and remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:           _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.